IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

**TAUHIDAH F. EL-AMIN,**

          Appellant and Cross-Appellee,

vs.                          Case No. 02 C 50308

**IRA BODENSTEIN,**
United States Trustee,

          Appellee and Cross-Appellant.

                                 Appeal from a Judgment of the
                                 United States Bankruptcy Court,
                                 Case No. 01 B 74328
                                 Adversary No. 02 A 7006

**COMBINED
RESPONSE BRIEF OF APPELLEE AND BRIEF OF CROSS-APPELLANT
UNITED STATES TRUSTEE**

Thomas P. Walz
Office of U.S. Trustee
780 Regent Street
Suite 304
Madison, WI 53715
(608) 264-5522 ext. 16

# TABLE OF CONTENTS

Table of Authorities . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Jurisdictional Statement . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Statement of Issues Presented . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Standard of Review . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Statement of the Case . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

     I.     Nature of the case . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

     II.    Legislative History of Section 110 . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Relevant Facts . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

     I.     As a non-lawyer bankruptcy petition preparer, Ms. El-Amin may not offer, provide or charge to her customers any services beyond the mere typing of documents . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

     II.    The bankruptcy court's determination that Ms. El-Amin's use of the phrase "Amicus Curiae" has the potential to mislead the public as to the nature of her services was not clearly erroneous . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

     III.   The bankruptcy court correctly ruled that Ms. El-Amin may not accept and forward to the bankruptcy court a check for the bankruptcy case filing fee . . . . 16

     IV.   The bankruptcy court's allowance of $175 for Ms. El-Amin's services was an abuse of discretion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

Requested Relief . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

**TABLE OF AUTHORITIES**

**CASES**

*In re Agnew*, 144 F.3d 1013 (7th Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*In re Avery*, 280 B.R. 523 (Bankr. D. Colo. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . 17

*In re Crivello*, 134 F.3d 831 (7th Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*In re Burdick*, 191 B.R. 529 (Bankr. N.D.N.Y. 1996) . . . . . . . . . . . . . . . . . . . . 17, 21

*In re Bush*, 275 B.R. 69 (Bankr. D. Idaho 2002) . . . . . . . . . . . . . . . . . . . . . 18, 20, 21

*In re Campanella*, 207 B.R. 435 (Bankr. E.D. Penn. 1997) . . . . . . . . . . . . . . . . . 21

*In re Doser*, 281 B.R. 292 (Bankr. D.Idaho 2002) . . . . . . . . . . . . . . . . . 16, 17, 18, 20

*Dunn v. Bodenstein* (*In re Abernathy*), 99 C 64 (N.D. Ill Sept. 21, 1999) . . . . . . . . . . . . 19, 20

*In re Farness*, 244 B.R. 464 (Bankr. D. Idaho 2000) . . . . . . . . . . . . . . . . . . . . . . . 15

*In re Gavin*, 181 B.R. 814 (Bankr. E.D. Penn. 1995) . . . . . . . . . . . . . . . . . . . . . . . 21

*In the Matter of Geraci*, 138 F.3d 314 (7th Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . 20

*In re Gomez*, 259 B.R. 379 (Bankr. D. Colo. 2001) . . . . . . . . . . . . . . . . . . . . . 14, 19

*In re Green*, 197 B.R. 878 (Bankr. D. Ariz. 1996) . . . . . . . . . . . . . . . . . . . . . . 17, 18

*In re Guttierez*, 248 B.R. 287 (Bankr. W.D. Texas 2000) . . . . . . . . . . . . . . . 13, 19, 21

*Hannigan v. Marshall* (*In re Bonarrigo*) 282 B.R. 101 (D. Mass. 2002) . . . . . . . . . . . . . . . 21

*In re Jones*, 227 B.R. 704 (Bankr.S.D.Ind. 1998) . . . . . . . . . . . . . . . . . . . . . . . . 18

*In re Landry*, 268 B.R. 301 (Bankr. M.D. Fla. 2001) . . . . . . . . . . . . . . . . . . . . . . 14

*In re Moffett*, 263 B.R. 805 (Bankr.W.D.Ky. 2001) . . . . . . . . . . . . . . . . . . . 17, 19, 21

## STATUTES

11 U.S.C. § 110 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 8

11 U.S.C. § 110(a)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

11 U.S.C. § 110(b) and (c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

11 U.S.C. § 110(c)(3) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

11 U.S.C. § 110(d) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

11 U.S.C. § 110(e) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

11 U.S.C. § 110(f) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

11 U.S.C. § 110(f)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 14, 15

11 U.S.C. § 110(g) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

11 U.S.C. § 110(g)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 16, 17

11 U.S.C. § 110(h)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

11 U.S.C. § 110(h)(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 9, 19

11 U.S.C. § 110(i) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

11 U.S.C. § 110(i) and (j) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

28 U.S.C. § 158(a)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

28 U.S.C. § 581 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

28 U.S.C. § 586(a)(1) and (5) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

28 U.S.C. § 1930(a)(7) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

## FEDERAL RULES OF BANKRUPTCY PROCEDURE

Fed.R.Bankr.P. 8013 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

# LEGISLATIVE HISTORY

H.R. Conf. Rep. No. 103-834 at 56 (1994), *reprinted in* 1994 U.S.C.C.A.N. 3365 . . . . . . . . . 8

P.L. 103-834, 108 Stat. 4106 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

140 Cong. Rec. S 4506 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

140 Cong. Rec. S 14597 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

## JURISDICTIONAL STATEMENT

This is an appeal and cross-appeal from a Judgment of the bankruptcy court for the Northern District of Illinois, Western Division, entered on July 1, 2002, pursuant to 28 U.S.C. § 158(a)(1). Ms. El-Amin timely filed a notice of appeal from the Judgment on July 11, 2002. The United States Trustee timely filed a notice of cross-appeal from the Judgement on July 22, 2002.

## STATEMENT OF ISSUES PRESENTED

### I.     APPELLANT'S ISSUES

1.   Under 11 U.S.C. § 110(f)(1), whether Ms. El-Amin's use of the phrase "Amicus Curiae" in her business name, Amicus Curiae Court Document Preparation Services, has the potential to mislead the public as to the nature of the services that Ms. El-Amin lawfully can provide.

2.   Under 11 U.S.C. § 110(g)(1), whether Ms. El-Amin may accept from her customers and forward to the bankruptcy clerk a check or money order payable to the clerk in payment of the bankruptcy case filing fee.

### II.    APPELLEE'S ISSUE

3.   Under 11 U.S.C. § 110(h)(2), whether the $175 fee awarded to Ms. El-Amin exceeds the value of the services she lawfully performed for the Karlovics in connection with this case.

## STANDARD OF REVIEW

Under Fed.R.Bankr.P. 8013, a bankruptcy court's findings of fact are reviewed for clear error. The bankruptcy court's legal conclusions are reviewed *de novo*. *See In re Crivello*, 134 F.3d 831, 835 (7th Cir. 1998). The bankruptcy court's determination of an appropriate fee is

reviewed for abuse of discretion, including "whether the facts actually support the decision." *In re Agnew*, 144 F.3d 1013, 1014 (7th Cir.1998).

## STATEMENT OF THE CASE

### I.  NATURE OF THE CASE

Ms. El-Amin, who is not licensed to practice law, conducts business using the trade name "Amicus Curiae Court Document Preparation Services." She charged the Karlovics $250 to prepare a standard set of Chapter 7 bankruptcy documents. The United States Trustee filed an adversary proceeding against Ms. El-Amin under Section 110 of the Bankruptcy Code to enjoin her from engaging in various prohibited conduct, and to recover her excessive fee. After trial, the bankruptcy court enjoined Ms. El-Amin from using the phrase "Amicus Curiae" in her tradename, enjoined her from accepting the case filing fee from her customers, and reduced her fee from $250 to $175 for the services rendered to the Karlovics in this case. Ms. El-Amin appealed the bankruptcy court rulings on use of "Amicus Curiae" and acceptance of the filing fee. The United States Trustee cross-appeals the bankruptcy court's allowance of the $175 fee.

### II.  THE LEGISLATIVE HISTORY OF SECTION 110

11 U.S.C. § 110 was enacted in 1994 as part of the Bankruptcy Reform Act (P.L. 103-834, 108 Stat. 4106). Congress enacted Section 110 to address the "growing problem of bankruptcy preparers who abuse the system in the course of preparing documents for debtors to file in bankruptcy court." 140 Cong. Rec S 4506 (daily ed. April 20, 1994) (statement of Senator Metzenbaum). The need to regulate petition preparers was urgent:

> Bankruptcy petition preparers not employed or supervised by any attorney have
> proliferated across the country.  While it is permissible for a petition preparer to
> provide services solely limited to typing, far too many of them also attempt to
> provide legal advice and legal services to debtors.  These preparers often lack the
> necessary legal training and ethics regulation to provide such services in [an]
> adequate and appropriate manner.

H.R. Conf. Rep. No. 103-834 at 56 (1994), *reprinted in* 1994 U.S.C.C.A.N. 3365. Negligence

and fraud were widespread, with "[h]undreds of typing mills * * * luring customers with vague

promises of solving their credit problems, charging the customers hundreds of dollars while

inducing them to sign bankruptcy petitions they often do not understand, and then improperly

filing bankruptcy on their behalf." 140 Cong. Rec. S 14597 (daily ed. Oct. 7, 1994 (Senator

Metzenbaum).  Moreover, there was concern in Congress that most of the "petition mills" were

located in poor and minority communities and "prey[ed] on the poor and unsophisticated." *Ibid.*

Congress responded by enacting the protections now codified at 11 U.S.C. § 110.  That

section applies to every person "other than an attorney or an employee of an attorney, who

prepares for compensation a document for filing" in a bankruptcy case.  11 U.S.C. § 110(a)(1).

The statute requires petition preparers to sign each document filed in the bankruptcy, and to

include on each document the preparer's name, address and social security number (§§ 110 (b)

and (c)).  Petition preparers must also supply the debtor with copies of each document filed (§

110(d)).  Section 110 prohibits petition preparers from executing documents on behalf of debtors

(§ 110(e)), from advertising their services as "legal" services (§ 110(f)) and from collecting

payment from the debtor for court fees (§ 110(g)).  It also provides remedies for the victims of

negligence and fraud.  11 U.S.C. § 110(i).

Section 110 authorizes the imposition of fines for non-compliance with its requirements. In particular, the statute provides that a bankruptcy petition preparer who fails to enter his social security number on the bankruptcy forms "may be fined not more than $500 for each such failure unless the failure is due to reasonable cause." 11 U.S.C. § 110(c)(3).  Other methods of enforcement of the statute are also authorized, including actions for damages and for injunctive relief.  11 U.S.C. §§ 110 (i) and (j).  Fees "in excess of the value of services rendered for the documents prepared" may be ordered turned over to the bankruptcy trustee.  11 U.S.C. § 110(h)(2).

## **RELEVANT FACTS**

The appellee and cross-appellant, Ira Bodenstein, is the United States Trustee for the Northern District of Illinois.  *See* 28 U.S.C. § 581.  As United States Trustee, he is authorized to supervise the administration of bankruptcy cases and perform various duties under the Bankruptcy Code.  *See* 28 U.S.C. § 586(a)(1) and (5).  Under Section 307 of the Bankruptcy Code,[1] the United States Trustee may raise and be heard on any issue in any case or proceeding under the Bankruptcy Code.

The appellant and cross-appellee, Tauhidah F. El-Amin, is an individual who operates a business in Rockford, Illinois, with the tradename "Amicus Curiae Court Document Preparation Services."  (Transcript, p. 12, lines 2-5).  Ms. El-Amin advertises her services to the public (Transcript, pp. 12-17) and prepares legal documents for her customers for a fee, including bankruptcy documents.  (Transcript, p. 12; Complaint ¶¶ 10, 13; Answer ¶¶ 10, 13).

---

[1]      Unless otherwise specified, references to "Sections" are to Title 11, United States Code.

Ms. El-Amin formerly conducted business as a paralegal in California. (Transcript, p. 11). She relocated to Rockford in 1996 and opened a business formerly known as "Amicus Curiae Paralegal Services." (Transcript, p. 11, line 23; p. 14). A recent article from a local newspaper describing Ms. El-Amin's business, and a copy of the web site formerly hosted by Ms. El-Amin are attached to the Complaint. (Complaint ¶ 7; Answer ¶ 7).

Ms. El-Amin is a bankruptcy petition preparer, as that phrase is defined in Section 110 of the Bankruptcy Code. Ms. El-Amin is not supervised by an attorney. (Complaint ¶¶ 8-9; Answer ¶ ¶ 8-9).

In 2001, Ms. El-Amin prepared bankruptcy documents in two cases. Each of the debtors paid Ms. El-Amin $250 to prepare their bankruptcy documents, plus the filing fee. (Complaint ¶ 10; Answer ¶ 10).

After these two cases were filed, counsel for the United States Trustee became aware of Ms. El-Amin's activities, and discussed them with her informally. Ms. El-Amin submitted to the United States Trustee a copy of the workbook she uses to prepare bankruptcy documents, which is attached to the Complaint. (Complaint ¶ 11; Answer ¶ 11).

On May 29, 2001, the United States Trustee sent a letter to Ms. El-Amin which stated the United States Trustee's position regarding her paralegal business, and included copies of Section 110 of the Bankruptcy Code, and the Illinois statute regarding the unauthorized practice of law. A copy of that letter is attached to the Complaint. (Complaint ¶ 12; Answer ¶ 12).

In November of 2001, Ms. El-Amin prepared Chapter 7 bankruptcy papers for Carolyn Weathers and received $250. (Complaint ¶ 13; Answer ¶ 13).

On October 29, 2001, William and Beth Karlovic (the Debtors) commenced the voluntary Chapter 7 bankruptcy case which gives rise to this appeal. Ms. El-Amin prepared the Debtors' bankruptcy documents, and charged them $250. (Complaint ¶ 14; Answer ¶ 14).

The Debtors met with Ms. El-Amin at her office, filled out a questionnaire, and gave Ms. El-Amin a copy of their credit report. She then prepared their bankruptcy documents by entering information into a computer program. (Complaint ¶ 15; Answer ¶ 15; Transcript, pp. 22-31).

The Schedule F prepared by Ms. El-Amin for the Debtors did not list addresses for some of their creditors. Some of the creditors' addresses also were not listed on the creditor matrix. (Complaint ¶ 18; Answer ¶ 18).

Ms. El-Amin knew that the Debtors had two student loans, but complied with Mr. Karlovic's request to leave these debts off the original schedules she prepared. An amended schedule prepared by Ms. El-Amin listed the names of the student loan creditors, but not their addresses. (Complaint ¶ 19; Answer ¶ 19; Transcript, pp. 34-37).

Ms. El-Amin did not file a "Certification and Signature of Non-Attorney Bankruptcy Petition Preparer" form; did not file a "Disclosure of Compensation of Bankruptcy Petition Preparer" form; and did not disclose her compensation in response to Question 9 of the Statement of Financial Affairs. (Complaint ¶ 21; Answer ¶ 21).

Ms. El-Amin received $200 in cash from the Debtors and delivered the funds to the bankruptcy clerk for their bankruptcy case filing fee. (Complaint ¶ 20; Answer ¶ 20). However, Ms. El-Amin typically receives from her customers and delivers to the clerk a $200 check or money order payable to the clerk for the bankruptcy case filing fee. (Transcript, p. 32).

On January 16, 2002, the United States Trustee filed an adversary proceeding Complaint against Ms. El-Amin.  The United States Trustee's Complaint requested an injunction prohibiting Ms. El-Amin from continuing to prepare bankruptcy documents, and other relief.  The Complaint also requested that Ms. El-Amin be ordered to turnover the amount of her fee in excess of the value of the services she provided.  (Complaint, Requested Relief, ¶ ¶ 4 - 5).

On April 9, 2002, the Bankruptcy Court conducted a trial on the United States Trustee's Complaint.  The United States Trustee presented testimony from Maureen F. Gaber, a paralegal employed in the office of the United States Trustee, regarding the reasonableness of Ms. El-Amin's fee for preparing the Debtors' bankruptcy documents.  (Transcript, p. 3).

Ms. Gaber testified that she located a typist on the internet and arranged to have the typist prepare a set of bankruptcy documents by re-typing the documents prepared by Ms. El-Amin for the Debtors.  Ms. Gaber introduced Exhibit 2, the invoice submitted by the typist.  The invoice was for $108.90, based on 6.03 hours of typing at $18.00 per hour.  (Transcript, pp. 3-6; Exhibit 2).

Ms. Gaber testified that she downloaded blank bankruptcy forms for free from the bankruptcy court's website, and also purchased a set of bankruptcy forms with instructions from an office supply store in Madison, Wisconsin for $19.99, plus tax.  (Transcript, pp. 6-7).

Ms. Gaber testified that debtors on occasion prepare their bankruptcy documents in their own handwriting, and that those documents are accepted and processed.  (Transcript, pp. 8-9).

Ms. El-Amin did not present any evidence regarding the reasonableness of her $250 fee.  (Transcript, pp. 40-41).

The bankruptcy court determined that the $250 fee was excessive, set a limit of $175 per case for preparation of bankruptcy documents, and ordered Ms. El-Amin to turnover $75 pursuant to Section 110 of the Bankruptcy Code. (Transcript of decision, pp. 6-7).

Ms. El-Amin appealed the bankruptcy court rulings on use of "Amicus Curiae" and acceptance of the filing fee. The United States trustee cross-appealed the bankruptcy court's determination that $175 was a reasonable fee for Ms. El-Amin's services. By Order dated September 18, 2002, this Court extended the briefing schedule, and eliminated reply briefs.

## ARGUMENT

I. **AS A NON-LAWYER BANKRUPTCY PETITION PREPARER, MS. EL-AMIN MAY NOT OFFER, PROVIDE OR CHARGE TO HER CUSTOMERS ANY SERVICES BEYOND THE MERE TYPING OF DOCUMENTS**

As noted above, Section 110 of the Bankruptcy Code was enacted by Congress in 1994 in an attempt to curb the widespread, abusive practices of non-lawyer bankruptcy petition preparers. The statute is designed to protect bankruptcy consumers from various fraudulent, unfair and deceptive conduct, such as charging excessive fees, and engaging in the unauthorized practice of law. Section 110 does not prohibit non-lawyers from preparing bankruptcy documents, but provides penalties and authorizes injunctions in an attempt to prevent petition preparers from engaging in unlawful conduct in connection with the preparation of bankruptcy documents. *See In re Guttierez*, 248 B.R. 287, 297 (Bankr. W.D. Texas 2000).

Since Section 110 was enacted, various courts have attempted to define the limited services that petition preparers may provide. Bankruptcy Judge Jennemann, from the Middle District of Florida, recently summarized as follows:

-13-

A bankruptcy petition preparer *can* meet a prospective debtor, provide forms or questionnaires for the debtor to complete *without* any assistance from the bankruptcy petition preparer, transcribe the information supplied by the prospective debtor on the applicable bankruptcy forms without change, correction or alteration, copy the pleadings, and gather all necessary related pleadings to file with the bankruptcy court. The bankruptcy petition preparer cannot improve upon the prospective debtor's answers, cannot counsel the client on options, and cannot otherwise provide legal assistance to the prospective debtor, directly or indirectly.

*In re Landry*, 268 B.R. 301, 305 (Bankr. M.D. Fla. 2001) (emphasis in original). Other courts have described services which a petition preparer may not provide. *See In re Gomez*, 259 B.R. 379, 386 (Bankr. D. Colo. 2001) ("If the petition preparer does anything more than copying or typing information written by prospective debtors on official bankruptcy forms, then the petition preparer exceeds the authority of Section 110.").

The bankruptcy court's rulings in this case should be examined in the context of the purpose of Section 110 to protect bankruptcy consumers from being misled regarding the nature and extent of services that a petition preparer lawfully may provide.

## II.   THE BANKRUPTCY COURT'S DETERMINATION THAT MS. EL-AMIN'S USE OF THE PHRASE "AMICUS CURIAE" HAS THE POTENTIAL TO MISLEAD THE PUBLIC AS TO THE NATURE OF HER SERVICES WAS NOT CLEARLY ERRONEOUS

The sponsors of Section 110 of the Bankruptcy Code were concerned that an individual contemplating bankruptcy may mistakenly assume or conclude that a bankruptcy petition preparer can provide legal services in connection with the filing of a bankruptcy case. Section 110(f)(1) therefore prohibits a bankruptcy petition preparer from using the word "legal" or any similar term in any advertisements. These terms are prohibited in petition preparer advertising because they have the potential to mislead a prospective customer regarding the nature and extent

of services which a petition preparer lawfully can provide. *See In re Farness*, 244 B.R. 464, 468 (Bankr. D. Idaho 2000), and the cases cited therein.

Ms. El-Amin advertises her document preparation business using the phrase "Amicus Curiae" as part of her tradename, Amicus Curiae Court Document Preparation Services. "Amicus Curiae" is a Latin term meaning "friend of the court." The bankruptcy court correctly noted that the term "has a legal significance, defined by Black's Law Dictionary as a person who is not a party to a lawsuit, but who petitions the court or is requested by the court to file a brief in the action because that person has a strong interest in the subject matter." (Transcript of decision, p. 4).

According to Webster's Dictionary, the definition of "Amicus Curiae" is:

A person, either an attorney or a layman, called in to advise the court on some legal matter.

The bankruptcy court noted that while the average member of the public may not know the exact definition or meaning of the phrase "Amicus Curiae," it is likely that many people will recognize it as a legal term and, as such, may be misled as to the nature of the services being offered. The bankruptcy court therefore concluded that use of the phrase "Amicus Curiae" has significant potential for deception in the context of Ms. El-Amin's document preparation business.

The bankruptcy court's finding that Ms. El-Amin's use of the term "Amicus Curiae" has the potential to mislead bankruptcy customers was not clearly erroneous. While one might debate the strength of the connection that phrase has to the provision of legal services, it is undisputed that the phrase has legal derivation and significance. When it enacted Section 110(f)(1), Congress placed the burden on the petition preparer to avoid the use of terms which

-15-

have the potential to mislead the public.  In the context of a business which prepares documents

to be filed with a court, use of the phrase "Amicus Curiae" clearly has the potential, if not the

intended purpose, to mislead prospective customers as to the nature and extent of services

offered.  The bankruptcy court's ruling on this issue therefore should be affirmed.

III.   **THE BANKRUPTCY COURT CORRECTLY RULED THAT MS. EL-AMIN MAY NOT ACCEPT AND FORWARD TO THE BANKRUPTCY COURT A CHECK FOR THE BANKRUPTCY CASE FILING FEE**

Section 110(g)(1) of the Bankruptcy Code provides that a petition preparer "shall not

collect or receive any payment from the debtor ... for the court fees in connection with the filing

of the petition."  This section is designed to prevent petition preparers from filing petitions

without permission from the debtor; to prevent misrepresentation of the amount of the fee, or

misappropriation of the funds received; and to prevent the petition preparer from controlling the

timing of the filing of the case.  *See In re Doser*, 281 B.R. 292, 310-312 (Bankr. D.Idaho 2002).

In this case, Ms. El-Amin received $200 in cash from the Debtors and delivered the funds

to the bankruptcy clerk for their bankruptcy case filing fee.  In her brief on appeal, Ms. El-Amin

does not contend that she is authorized to handle cash from her customers, or to receive cash and

convert it to a check payable to the clerk.  However, Ms. El-Amin testified at trial that she

typically receives from her customers and delivers to the clerk a $200 check or money order

payable to the clerk for the bankruptcy case filing fee.  (Transcript, p. 32).  In her brief,

Ms. El-Amin argues that she should be permitted to handle the filing fee because some of her

customers live some distance from the bankruptcy court, and because her customers prefer that

she handle all the procedures for them.

A bankruptcy court recently examined this issue in detail and concluded that a petition preparer's receipt of a cashier's check or money order for the filing fee runs contrary to Congress' intent to limit the activities of bankruptcy petition preparers to the typing of documents. *See Doser, supra*, at 312. Other bankruptcy courts also have held that receipt of a check for the filing fee is inconsistent with the limited role of a petition preparer, and therefore violates Section 110(g)(1). *See In re Avery*, 280 B.R. 523, 531-32 (Bankr. D. Colo 2002); *In re Green*, 197 B.R. 878, 879 (Bankr. D. Ariz. 1996); *In re Jones*, 227 B.R. 704, 705-6 (Bankr.S.D.Ind. 1998); *In re Moffett*, 263 B.R. 805, 812 (Bankr.W.D.Ky. 2001); *In re Burdick*, 191 B.R. 529, 535 (Bankr. N.D.N.Y. 1996).

There are several good reasons why a bankruptcy petition preparer should not be allowed to handle the filing fee, or file the bankruptcy petition. First, many bankruptcy petitions are filed on an emergency basis in response to attempts by creditors to seize, foreclose upon or garnish property. An individual is not required to pay the filing fee when the petition is filed, but rather can pay the filing fee in installments over 120 days. *See* the last paragraph of 28 U.S.C. 1930(a)(7), and Official Bankruptcy Form 3 (copy attached). Further, if the debtor files a list of creditors with the bankruptcy petition, the supporting bankruptcy schedules are not required to be filed until 15 days after the petition is filed. *See* Bankruptcy Rule 1007(c). Experienced bankruptcy attorneys regularly make emergency "skeleton filings," consisting of only the two-page petition and a list of creditors, in order to stave off a foreclosure sale or otherwise protect the debtor's property. Petition preparers cannot consult with their customers regarding whether to employ these emergency procedures without practicing law. However, if the petition preparer requires the customer to complete the supporting schedules and submit the filing fee so that a

-17-

complete package can be delivered to the bankruptcy court, as many of them do, the debtor may lose valuable property rights. As noted by the court in *Doser,* the timing of the filing of the case can have a substantial impact on the debtor's property. *Doser, supra,* at 312.

Second, allowing a petition preparer to handle the filing fee and the filing of the bankruptcy documents fosters the misconception that the petition preparer can furnish all of the services necessary and appropriate to file a bankruptcy case. *See In re Bush*, 275 B.R. 69, 84 (Bankr. D. Idaho 2002).

Third, by requesting and accepting a check from a customer for the filing fee, and undertaking to forward the fee and bankruptcy documents to the bankruptcy court, the petition preparer assumes control over whether and when the documents are filed. Persons contemplating bankruptcy often are in dire financial circumstances and in need of immediate relief. However, the filing of a bankruptcy petition is irrevocable, and obviously has substantial adverse legal and economic consequences. Because of these substantial legal and economic considerations, assisting or assuming control over the timing of the filing of a bankruptcy petition for another person constitutes the practice of law, and creates a situation which is ripe for coercion, misinformation and abuse. *See Green, supra*, at 879.

The purpose of Section 110 to limit the services of petition preparers to typing documents is frustrated when a petition preparer is allowed to control the filing of the petition. The bankruptcy court's ruling that a petition preparer may not handle the bankruptcy case filing fee is supported by thoughtful precedent and solid practical and policy considerations, and should be affirmed.

-18-

IV.    **THE BANKRUPTCY COURT'S ALLOWANCE OF $175 FOR MS. EL-AMIN'S SERVICES WAS AN ABUSE OF DISCRETION**

Section 110(h)(1) of the Bankruptcy Code requires a bankruptcy petition preparer to file a declaration regarding any compensation paid by or charged to the debtor.  Section 110(h)(2) of the Bankruptcy Code provides that the Court shall disallow and order the immediate turnover to the bankruptcy trustee of any fee paid to a bankruptcy petition preparer in excess of the value of services rendered for the documents prepared.

Numerous cases decided under Section 110 clearly state that the "value of services rendered," as that phrase is used in the statute, includes only the value of services which a petition preparer lawfully can provide.  A petition preparer is not authorized to provide any services to a bankruptcy customer other than typing documents which the debtors have prepared in handwriting without assistance from the petition preparer.  A petition preparer may not fill out forms, assist a customer with the completion of bankruptcy documents, or consult with customers regarding bankruptcy laws or the bankruptcy process.  *See In re Gomez*, 259 B.R. 379, 386-87 (Bankr. D. Colo. 2001) ("If the petition preparer does anything more than copying or typing information written by prospective debtors on official bankruptcy forms, then the petition preparer exceeds the authority of Section 110.").

Accordingly, the "value of services rendered" by Ms. El-Amin in this case includes only the preparation (i.e. typing) of the Debtors' bankruptcy forms.  *See Dunn v. Bodenstein (In re Abernathy)*, 99 C 64 (N.D. Ill Sept. 21, 1999) (copy attached) and the cases cited therein; *In re Guttierez*, 248 B.R. 287, 297-98 (Bankr. W.D. Texas 2000), and the cases cited therein; and *In re Moffett*, 263 B.R. 805, 813-16 (Bankr. W.D. Ky. 2001).

-19-

Ms. El-Amin charged the Karlovics $250 to prepare a standard set of Chapter 7

bankruptcy documents. After hearing the evidence, the bankruptcy court allowed Ms. El-Amin a

fee of $175. The United States Trustee respectfully submits that allowance of a fee of $175 was

an abuse of discretion for two reasons: there was no evidence in the record to support that

determination, and Ms. El-Amin knowingly participated in the submission of sworn court

documents which were false and incomplete.

A.      Ms. El-Amin Failed to Introduce Any Evidence in Support of Her Fee

Ms. El-Amin had the burden of proving the fair value of her services, including proof of a

reasonable hourly rate, and the time reasonably required to perform the allowable tasks. *See In*

*the Matter of Geraci*,138 F.3d 314, 318 (7th Cir.1998); *In re Bush*, 275 B.R. 69, 85-86 (Bankr.

D. Idaho 2002). However, at trial, the only evidence on this point was introduced by the United

States Trustee. The United States Trustee's witness testified that a professional typist charged a

fee of approximately $110 to perform the same and only services that Ms. El-Amin was

authorized to provide -- typing the Debtors' bankruptcy documents. Ms. El-Amin did not

introduce any evidence to support her $250 fee, or to rebut the evidence submitted by the United

States Trustee.

Identical bankruptcy forms are used throughout the nation, and the services required to

prepare these forms (i.e. to type the forms) should not vary much from state to state. A variety of

cases decided nationwide make it clear that the "value of the services rendered" by a petition

preparer such as Ms. El-Amin, as that phrase is used in Section 110 of the Bankruptcy Code, is

less than $175. *See Dunn v. Bodenstein, supra*, (affirming a limit of $100); *In re Doser*, 281

B.R. 292, 313-319 (Bankr. D.Idaho 2002) (allowing 3 hours at $30 per hour for a maximum of

$90) and the cases cited therein; *Hannigan v. Marshall* (*In re Bonarrigo*) 282 B.R. 101, 107 (D.

Mass. 2002) (affirming a limit of 2 hours at $20 per hour for a total of $40); *In re Guttierez*, 248

B.R. 287, 298 (Bankr. W.D. Texas 2000), and the cases cited therein; *In re Burdick*, 191 B.R.

529, 537 (Bankr. N.D.N.Y. 1996) (allowing a fee of $50); and *In re Moffett*, 263 B.R. 805, 816

(Bankr. W.D. Ky. 2001) (allowing $20 per hour, up to a maximum of $100).

Section 110 of the Bankruptcy Code was enacted to protect consumers who may not

understand the limited services that a petition preparer lawfully may provide.  Debtors who

choose not to retain counsel can purchase a bankruptcy "kit" for $20 at an office supply store and

prepare and file their own handwritten bankruptcy documents.  Retaining a petition preparer to

"prepare" these documents adds nothing to their substance, other than perhaps neatness.

Allowing petition preparers to charge excessive fees for simply typing these documents not only

allows them to prey upon financially-distressed consumers, but also fosters the misconception

that the customer is receiving professional guidance or legal advice, contrary to the purpose and

intent of Section 110 of the Bankruptcy Code.  *See In re Bush*, 275 B.R. 69, 84 (Bankr. D. Idaho

2002).

**B.**     **Ms. El-Amin's Fee Should Be Limited Because She Knowingly Participated
in the Submission of Incomplete and False Documents**

Bankruptcy courts have concluded that all fees should be forfeited if the petition preparer

violated Section 110 by engaging in the unauthorized practice of law.  *In re Gavin*, 181 B.R. 814,

821 (Bankr. E.D. Penn. 1995).  *See also In re Campanella*, 207 B.R. 435, 450 (Bankr. E.D. Penn.

1997).  In this case, Ms. El-Amin's fee should be limited because she knowingly participated in the filing of incomplete and inaccurate documents with the bankruptcy court.

The Schedule F prepared by Ms. El-Amin listed the names of various creditors, some of which were gathered from the Debtors' credit report, but does not list addresses for these creditors.  Some of the creditors' addresses also were not listed on the creditor matrix, which effectively prevented the creditors from receiving notice of the bankruptcy case.  Ms. El-Amin also knew that the Debtors had two student loans, but agreed to leave these debts off the schedules she prepared.  Ms. El-Amin did not file a "Certification and Signature of Non-Attorney Bankruptcy Petition Preparer" form; did not file a "Disclosure of Compensation of Bankruptcy Petition Preparer" form; and did not disclose her compensation in response to Question 9 of the Debtors' Statement of Financial Affairs.

Even when she prepared an amended Schedule F for the Debtors, Mr. El-Amin neglected to list the addresses for two student loan creditors, again preventing them from receiving notice of the filing of the bankruptcy case.  Ms. El-Amin's compensation  should be limited based on her role in the preparation and filing of these false and incomplete court documents.

It is apparent from the reported decisions cited above that the issue of reasonable compensation for petition preparers is being contested nationwide.  Judge Barbosa's allowance of $175 in this case was not supported by any evidence, and breaks new ground in terms of an approved fee for preparing routine bankruptcy documents.  The $175 fee is double or triple the amount allowed by various other courts which have heard evidence on this issue, and written

carefully-considered opinions.  The United States Trustee urges the Court to further limit the allowance of fees to Ms. El-Amin.

## REQUESTED RELIEF

The United States Trustee respectfully requests that the Court:

1. Affirm the bankruptcy court's finding that Ms. El-Amin's use of the phrase "Amicus Curiae" has the potential to mislead the public as to the nature of her services;

2. Affirm the bankruptcy court's conclusion that Ms. El-Amin may not accept from her customers and forward to the bankruptcy court a check in payment of the bankruptcy case filing fee; and

3. Reverse the bankruptcy court's allowance of a fee of $175, and limit Ms. El-Amin's fee for services in connection with this case to $100.

Pursuant to the Court's Order of September 18, 2002, the United States Trustee will not file a reply to Appellant's response to Issue 3, above, unless directed to do so by the Court.

Respectfully submitted,

IRA BODENSTEIN
United States Trustee

Dated:  October 28, 2002

By:   _Thm P Wal_
Thomas P. Walz
Attorney for the U.S. Trustee

Office of U.S. Trustee
780 Regent Street
Suite 304
Madison, WI  53715
(608) 264-5522 ext. 16