Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 50308 | **DATE** | 1/7/2003 |
| **CASE TITLE** | EL-AMIN vs. BODENSTEIN | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated on the reverse Memorandum Opinion and Order, the judgment of the bankruptcy court is affirmed.

*/s/ Philip G. Reinhard*

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | No notices required, advised in open court. | | |
|---|---|---|---|
| | No notices required. | number of notices | Document Number |
| X | Notices mailed by judge's staff. | FILED JAN -9 2002 | |
| | Notified counsel by telephone. | date docketed | |
| | Docketing to mail notices. | JAN 07 2003 | 0 |
| X | Mail AO 450 form. | MICHAEL W. DOBBINS, CLERK | docketing deputy initials |
| X | Copy to judge/magistrate judge. | UNITED STATES DISTRICT COURT | 1-7-03 |
| /SEC | courtroom deputy's initials | | date mailed notice |
| | | Date/time received in central Clerk's Office | SW mailing deputy initials |

# MEMORANDUM OPINION AND ORDER

Appellant, Tauhidah F. El-Amin, appeals from the portions of a judgment of the bankruptcy court, entered after an evidentiary hearing, permanently enjoining her from using the phrase "Amicus Curiae" in connection with her bankruptcy petition preparer business and from collecting or receiving payment from her customers for the court fees in connection with the filing of any bankruptcy petition. Ira Bodenstein, the United States Trustee for the Northern District of Illinois ("US Trustee") cross-appeals from the portion of the judgment allowing El-Amin to retain $175 as a fee for preparing bankruptcy documents for William and Beth Karlovic. Jurisdiction is proper under 28 U.S.C. § 158 (a) (1).

The bankruptcy court found use of the term "amicus curiae" in connection with the advertising or name of a document preparation service violated 11 U.S.C. § 110 (f) (1)'s prohibition of the use of the word "legal" or any similar term in advertisements for a bankruptcy petition preparer. (Tr. May, 22, 2002, pp. 4-5) The bankruptcy court found the term has the potential to mislead the public as to the nature of the services being offered. (Id.) El-Amin's brief merely recites she has given a disclaimer to all customers informing them she is not an attorney and cannot and will not give them legal advice. It does not contain any citations to the record directing the court to this disclaimer or to anything else for that matter. It does not contain any citations of authority to support reversal of the bankruptcy court on this issue. An appellant's brief must contain a statement of facts with appropriate references to the record and an argument with citations to authorities, statutes and parts of the record relied on. Fed. R. Bankr. P. 8010 (a) (1) (D), (E); In re Brock Equip. Co., No. 01C50218, 2002 WL 88919, *4 (N.D. Ill. Jan. 22, 2002) (Reinhard, J.) El-Amin's brief does not do so and provides the court no basis for reversing the bankruptcy court's judgment.

El-Amin also challenges the bankruptcy court's enjoining her from collecting or receiving payment from her customers for the court fees in connection with the filing of any bankruptcy petition. 11 U.S.C. § 110 (g) (1) provides a petition preparer "shall not collect or receive any payment from the debtor or on behalf of the debtor for the court fees in connection with filing the petition." El-Amin's brief on this issue states "the debtors that retain her to do their petition either live out of Rockford or prefer for the appellant to handle all procedures for them." (El-Amin brief pp. 2-3) She also cites In re Reed, 208 B.R. 695, 696 (Bankr. N.D. Cal. 1997) which held that a petition preparer did not violate 11 U.S.C. § 110 (g) (1) by accepting debtor's money order payable to the clerk of the bankruptcy court. Reed is the minority position. The more well reasoned majority view is that 11 U.S.C. § 110 (g) (1) prohibits petition preparers from taking possession of the filing fee from the debtor. See In re Bonarrigo, 282 B.R. 101 (D. Mass. 2002); In re Alexander, 284 B.R. 626 (Bankr. N.D. Ohio 2002); In re Doser, 281 B.R. 292 (Bankr. D. Idaho 2002). As the court in Alexander observed, an ordinary definition of "receive" includes the concepts of simply taking possession or delivery or coming into possession. In re Alexander, 284 B.R. at 633. The proffered rationale for Congress prohibiting a petition preparer from even coming into possession of the filing fee is to keep the petition preparer from controlling the timing of the filing of the petition since the time of filing can affect debtor's rights (i.e. when foreclosure of a home mortgage or a garnishment of debtor's wages is stayed.) Id.; In re Doser, 281 B.R. at 312; In re Bonarrigo, 282 B.R. at 106. 11 U.S.C. § 110 (g) (1) prohibits El-Amin from taking possession of a debtor's filing fee and the bankruptcy court properly enjoined her from doing so.

The US Trustee cross-appeals the bankruptcy court's allowing El-Amin to retain $175 as a fee for preparing bankruptcy documents for William and Beth Karlovic. El-Amin charged the Karlovics $250 for her services. The bankruptcy court found this amount to be excessive and limited El-Amin's fees to $175 under the facts presented. (Tr. May, 22, 2002, p. 7) It does not appear from the record that the US Trustee ever argued to the bankruptcy court what the appropriate fee should be. The record discloses only the argument that the fee should be "substantially less than $250." (Tr. Apr. 9, 2002, pp. 46-47.) While the bankruptcy court noted evidence that a typist charged $108.90 to type a bankruptcy petition and that the cost of a bankruptcy kit was $19.99, the bankruptcy court noted that typist's rate was from Mount Morris, not Rockford, where El-Amin is located. (Tr. May, 22, 2002, p. 6) The bankruptcy court reduced the $250 fee by 30%. The US Trustee cannot now be heard to complain that this substantial reduction was not substantial enough when he never told the bankruptcy court what the appropriate fee should be. See In re Rimsat, Ltd., 212 F.3d 1039, 1048 (7th Cir. 2000) (arguments not raised below are waived on appeal). The bankruptcy court permanently enjoined El-Amin from receiving a fee in excess of $175 from a customer unless actual time spent at a reasonable hourly rate results in a larger fee. The court does not consider this to establish a per se rule that a $175 fee will never be "found to be in excess of the value of services rendered for the documents prepared." 11 U.S.C. § 110 (h) (2). As the bankruptcy court noted, "a more appropriate method of compensation would be based on an hourly rate." (Tr. May, 22, 2002, p. 7)

The judgment of the bankruptcy court is affirmed.

AO 450(Rev. 5/85)Judgment in a Civil Case

# United States District Court
## Northern District of Illinois
### Western Division

Tauhidah F. El-Amin

**JUDGMENT IN A CIVIL CASE**

v.

Case Number: 02 C 50308

Ira Bodenstein

☐     Jury Verdict. This action came before the Court for a trial by jury. The issues have been tried and the jury rendered its verdict.

■     Decision by Court. This action came to trial or hearing before the Court. The issues have been tried or heard and a decision has been rendered.

IT IS HEREBY ORDERED AND ADJUDGED that the judgment of the bankruptcy court is affirmed.

FILED
JAN 07 2003
MICHAEL W. DOBBINS, CLERK
UNITED STATES DISTRICT COURT

Michael W. Dobbins, Clerk of Court

Date: 1/7/2003

Susan M. Wessman, Deputy Clerk